**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DANIEL CANTU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 98-10079-02-WEB |
| ) | 04-3394-WEB |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>MEMORANDUM AND ORDER</u>

Now before the Court are Petitioner's motions relating to 28 U.S.C. § 2255. (Docs. 252, 253). A review of the record reflects that Petitioner was convicted on November 18, 1998 and was sentenced to 272 months in prison on February 11, 1999. Petitioner filed a motion for relief under 28 U.S.C. § 2255 on January 31, 2000 alleging, *inter alia*, ineffective assistance of counsel. (Doc. 187). The Court denied this motion in a memorandum dated April 20, 2000. (Docs. 194). On October 29, 2004, Petitioner filed a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and asserted a claim for relief under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). (Doc. 240). Instead of appropriately transferring the motion to the Tenth Circuit, the Court dismissed it as a second petition under section 2255 on November 2, 2004. (Doc. 241).

Petitioner has filed a motion to supplement his October 29, 2004 petition and a motion to determine the status of his October 29, 2004 petition. (Docs. 252, 253). In these two motions, Petitioner re-asserts his claim for relief under *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and asserts a new claim for relief under *Burton v. Waddington,* 142 Fed. Appx. 297 (9th Cir. 2005). The Court will treat these motions as successive motions for relief under 28 U.S.C. § 2255.

Under 28 U.S.C. § 2255, a successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 para. 8.

Under 28 U.S.C. § 2244(b)(3), an applicant shall move the appropriate court of appeals for an order authorizing the district court to consider a second or successive application for relief under § 2255.  See *Leonard v. United States,* 383 F.3d 1146, 1147 (10th Cir. 2004).  The record shows Petitioner did not obtain authorization from the Tenth Circuit Court of Appeals to file this successive § 2255 motion; therefore, this Court has no jurisdiction to consider the merits.  *See United States v. Avila-Avila,* 132 F.3d 1347, 1348-1349 (10th Cir. 1997).

When an applicant files a successive § 2255 motion without first seeking the required authorization, the district court must transfer the motion to the appellate court in the interest of justice pursuant to 28 U.S.C. § 1631.  *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motions be treated as successive motions for relief pursuant to 28 U.S.C. § 2255 (Docs. 252, 253) and be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §1631.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the Petitioner's motions (Docs. 252, 253) and this order to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3).

SO ORDERED this 28th day of November, 2006.

s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge